THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CV-141-D

IN RE: OUTER BANKS POWER )
OUTAGE LITIGATION )
_____)
) **ORDER**
This Document Relates To: )
All Actions. )
_____)

Plaintiffs and defendants PCL Civil Constructors, Inc. and PCL Construction Enterprises, Inc. (collectively "PCL" or "defendants") entered into a "Settlement Agreement and General Release of Claims" (the "Settlement Agreement") intended to resolve this action. See [D.E. 13-1]. In this action, plaintiffs contend that as a result of an incident in which a primary power line was cut and a power outage occurred affecting the Outer Banks Islands of Hatteras and Ocracoke, the defendants are liable for certain damages. Defendants contest various allegations and raise various defenses. On May 2, 2018, this court granted preliminary approval of the Settlement Agreement, preliminarily certified a settlement class for settlement purposes only, and directed class counsel to submit their application for attorneys' fees, expenses, and incentive awards [D.E. 24]. On August 27, 2018, plaintiffs filed a motion for final approval of the settlement [D.E. 25]. On the same day, class counsel filed an unopposed motion for attorneys' fees, expenses, and incentive awards [D.E. 27] and a memorandum in support [D.E. 28]. Class counsel also filed certain declarations and supporting exhibits and materials. See [D.E. 26-1, 26-2, 29, 30, 32].

On September 21, 2018, this court held a final approval hearing. After reviewing the record, the court granted plaintiffs' motion for final approval of the class action settlement and entered a

final approval order. Plaintiffs now seek attorneys' fees, costs, and service awards. As explained below, the court grants the motion.

I.

The Settlement Agreement resolves disputed claims pertaining to losses allegedly incurred by numerous island residents, businesses, and tourists arising out of the power outage. On May 2, 2018, this court entered an order preliminarily approving the Settlement Agreement filed with the court on March 9, 2018. See [D.E. 13-1]. The preliminary approval order also certified a settlement class and approved the form and manner of notice. See [D.E. 24]. The order stated that at the fairness hearing, the court would consider class counsel's request for an award of attorneys' fees, expenses, and incentive awards for the named plaintiffs in an amount not to exceed a total of $72,500 in incentive awards, and $3,415,500 in attorneys' fees, as well as no more than $100,000 in class counsel costs and expenses, to be paid from the $10,350,00 settlement fund. Id.

The class received notice via direct mail, publication, distributing flyers, a website, and other means. No class member objected to the proposed award of attorneys' fees, expenses, and incentive awards. The Settlement Agreement provides for cash benefits that the defendants will pay into a settlement fund. In addition to allowing for the payment of class counsel attorneys' fees and costs, and service awards to the class representatives, the Settlement Agreement also provides that $100,000 of the gross fund amount is to be used for the costs of notice and claims administration. [D.E. 13-1] 8–10. In addition, costs of notice and class administration in excess of the $100,000 amount shall also be payable from the settlement fund. Id. at 10.

After the final approval hearing, the court entered an order granting plaintiffs' motion for final approval of the class action settlement and approved the settlement as fair, reasonable, and adequate. In its order, the court summarized the nature of the case, the settlement negotiations, and

2

the work of class counsel. The record reflects that class counsel engaged in significant work and helped to resolve this case for the settlement class.

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement." Fed. R. Civ. P. 23(h). Rule 23(h)(1) provides that a claim for an award must be made by motion under Federal Rule of Civil Procedure 54(d)(2). See Fed. R. Civ. P. 23(h)(1). Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner. Id. The court may hold a hearing concerning the motion, and must find the facts and state its legal conclusions under Rule 52(a). See Fed. R. Civ. P. 23(h)(3).

In calculating an award of attorneys' fees as part of a class action settlement, courts have the discretion to apply either the percentage-of-recovery method or the lodestar method. See Speaks v. U.S. Tobacco Coop., Inc., No. 5:12-CV-729-D, 2018 WL 988083, at *2 (E.D.N.C. Feb. 20, 2018) (unpublished); Ferris v. Sprint Commc'ns Co. L.P., No. 5:11-CV-00667-H, 2012 WL 12914716, at *2 (E.D.N.C. Dec. 13, 2012) (unpublished); Kay Co. v. Equitable Prod. Co., 749 F. Supp. 2d 455, 461–64 (S.D. W.Va. 2010).

Under the percentage-of-recovery method, the court awards a fee as a percentage of the common fund recovered. See Ferris, 2012 WL 12914716, at *2; Kay Co., 749 F. Supp. 2d at 462. "The percentage-of-recovery method often better aligns the interests of class counsel and class members because the method ties the attorney fee award to the overall result achieved rather than the hours that the attorneys expended." Speaks, 2018 WL 988083, at *2 (collecting cases).

The court finds that applying the percentage-of-recovery method is appropriate in this case. The court has considered the following factors in applying the percentage-of-recovery method: (1) the results obtained for the class, (2) the quality, skill, and efficiency of class counsel, (3) the

complexity and duration of the case, (4) the risk of nonpayment, (5) awards in similar cases, (6) objections, and (7) public policy. See id.; Kay Co., 749 F. Supp. 2d at 464.

"In assessing the results obtained for the class, a court may examine the percentage of the gross cash benefits available for class members to claim, plus the nature of any additional benefits conferred on the class." Speaks, 2018 WL 988083, at *2; see Ferris, 2012 WL 12914716, at *2–3. Here, class counsel achieved an excellent result for the class. See Speaks, 2018 WL 988083, at *2; Kay Co., 749 F. Supp. 2d at 464–65. Despite significant litigation risk facing the class (including the defense raised under the economic loss rule), class counsel obtained a settlement for the class that exceeds $10 million in value. Awards in other class action cases reflect that a fee award of one-third falls within the range of reasonable percentage-fee awards within the Fourth Circuit and elsewhere. See, e.g., Scott v. Family Dollar Stores, Inc., No. 3:08-CV-00540-MOC-DSC, 2018 WL 1321048, at *4–5 (W.D.N.C. Mar. 14, 2018) (unpublished); Brown v. Lowe's Cos., No. 5:13-CV-00079-RLV-DSC, No. 5:15-CV-00018-RLV-DSC, 2016 WL 6496447, at *3 (W.D.N.C. Nov. 1, 2016) (unpublished); Kruger v. Novant Health, Inc., No. 1:14CV208, 2016 WL 6769066, at *2 (M.D.N.C. Sept. 29, 2016) (unpublished); Devine v. City of Hampton, No. 4:14CV81, 2015 WL 10793424, at *3 (E.D. Va. Dec. 1, 2015) (unpublished); Deem v. Ames True Temper, Inc., No. 6:10-cv-01339, 2013 WL 2285972, at *4–6 (S.D. W. Va. May 23, 2013) (unpublished); Temp. Servs. v. Am. Int'l Group, Inc., No. 3:08-cv-00271-JFA, 2012 WL 13008138, at *7–8 (D.S.C. July 31, 2012) (unpublished); Helmick v. Columbia Gas Transmission, No. 2:07-cv-00743, 2010 WL 2671506, at *4–7 (S.D. W. Va. July 1, 2010) (unpublished).

As for class counsel's experience, skill, and efficiency, class counsel used all these attributes to benefit the class. Class counsel will continue to use these attributes, working with the claims administrator to ensure that the class receives the benefits due to the class in the Settlement

4

Agreement and final judgment.

As for the complexity and duration of the litigation, the court described the litigation in its preliminary approval order and its final approval order. Class counsel objectively analyzed the strengths and weaknesses of the action and achieved an excellent result following a lengthy arms-length mediation with an experienced mediator. As for the risk of nonpayment, class counsel faced a risk of nonpayment in light of the defenses raised.

As for objections, no class members objected to the settlement or the fee-and-expense request. The lack of express objection to the fee-and-expense request supports finding it reasonable. See Ferris, 2012 WL 12914716, at *3–4.

As for public policy, public policy supports the requested fee-and-expense award, particularly in light of the significant risk to class counsel and their early efforts to pool resources and file a consolidated complaint. Class counsel continues to ensure that the settlement occurs consistent with the Settlement Agreement and this court's final judgment. See, e.g., Speaks, 2018 WL 988083, at *2–3; Kay Co., 749 F. Supp. 2d at 468–69. Thus, having considered the entire record, the court finds that the requested fee-and-expense award is reasonable and awards fees and expenses to class counsel in the amount of $3,415,500. The court also finds that an award of $100,000 in costs and expenses is reasonable.

As for the incentive awards to the named plaintiffs/class representatives, plaintiffs ask the court to award the sum of $72,500 (i.e., an amount of $2,500 for each of the 29 class representatives). [D.E. 13-1] 10. The class representatives are Matthew Breveleri, Robert Case, Rhonda Derring, Nina Edgar, Thomas Edgar, Edwin Fitzpatrick, Karen Fitzpatrick, Alex Garrish, Tami Gray d/b/a Family Water Adventures, Marissa Gross d/b/a Down Creek Gallery, Stephen Harris, Hatteras Blue, Inc., Charles Hofmann, Michael Janssen, Las Olas, Inc., Jack Levis, Briggs

5

McEwan, Bryan Meekins d/b/a TBM Construction, Miss Ocracoke, Inc., Daniel Spaventa, Michael Stockwell d/b/a Morning Star Stables, Kathleen Triolo d/b/a Island Vibe Café, Tri-V Conery, Inc., Edward Waas, Mike Warren, William Bailey, Kerry Fitzgerald, Stephen Wilson, and Stephen Wright.

Nobody objected to the proposed incentive awards. The court finds that the requested incentive awards are reasonable and fit within the range of reasonable incentive awards. Absent incentive awards, class representatives would not be rewarded for their participation or for the risk of pursuing this action with no promise of a successful outcome. It is fair, reasonable, and appropriate for the court to grant the requested service awards to reward the named plaintiffs for their participation in this action.

II.

In sum, plaintiffs' motion for attorney's fees, expenses, and incentive awards [D.E. 27] is GRANTED. The court APPROVES an attorneys' fee award of $3,415,500 to class counsel, and $100,000 in costs and expenses, payable pursuant to the terms of the Settlement Agreement. The court also APPROVES incentive awards in the amount of $2,500 each to the class representatives, payable pursuant to the terms of the Settlement Agreement.

SO ORDERED. This 21 day of September 2018.

JAMES C. DEVER III
Chief United States District Judge