THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Master File No. 4:17-CV-141-D

IN RE: OUTER BANKS POWER OUTAGE )
LITIGATION )
)
_____ )
)
This Document Relates To: )
)
All Actions. )
_____ )

# FINAL JUDGMENT

On September **21**, 2018, the Court GRANTED plaintiffs' motion for final approval of a class action settlement [D.E. **25**] and entered a Final Approval Order. The Court finds that the Settlement Class as defined in the Settlement Agreement [D.E. 13-1] meets the requirements of Federal Rules of Civil Procedure 23(a) & (b)(3). Thus, the Court certifies the Settlement Class. The Court finds that class notice satisfied the requirements of Rule 23 and the Due Process Clause. The Court also finds that the Settlement Agreement is fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e). Accordingly, the Court APPROVES the final class action settlement.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. This Final Judgment and the Final Approval Order incorporate the Settlement Agreement, and all definitions set forth in the Settlement Agreement. All terms used herein shall have the same meanings as defined in the Settlement Agreement.

2. The Settlement Classes includes:

A. <u>Business Class</u>: All businesses located and/or operating on Hatteras and Ocracoke Islands during the time of the Incident. This class does not include persons or entities renting homes to vacationers.

1

B. <u>Rental/Vacationer Class</u>: All persons who rented a vacation property on Hatteras or Ocracoke Islands during the time of the Incident (the "Vacationers"), together with all persons or entities that rented homes to Vacationers.

C. <u>Resident Class</u>: All permanent residents of Hatteras and Ocracoke Islands at the time of the Incident.

Excluded from the Settlement Classes are: (1) persons who are Defendants' employees, agents, directors, officers, insurers, contractors, subcontractors, including employees of Defendants' agents, contractors, and subcontracts; (2) persons who timely and properly exclude themselves from the Settlement Classes as provided in this Agreement; (3) any federal, state, or local governmental entity that would otherwise be a member of a Settlement Class; (4) anyone or any entity that has previously executed a release of all claims against Defendants related to the Incident and would otherwise be a member of a Settlement Class; (5) the Court, the Court's immediate family, and Court staff; (6) the attorneys for any of the Parties and members of their law firms; (7) any person or entity whose losses were paid, in whole or in part, by Arch Insurance Company; (8) the State of North Carolina's claim for lost tax revenue; (9) Dare County and its claim for lost tax revenue; (10) Hyde County and its claim for lost tax revenue; (11) any utility company servicing Hyde and Dare Counties that is asserting a claim for lost revenue; and (12) Real Water Sports and Ocracoke Variety for the claims that have already been made against Defendants

The certified Settlement Class includes all Settlement Class Members to whom notice was directed and who did not timely request to be excluded from the Settlement Class. *See* Fed. R. Civ. P. 23 (c)(3)(B).

3. Regardless of whether Settlement Class Members make claims under the Settlement Agreement, the Court's Final Approval Order and Final Judgment DISMISSES WITH PREJUDICE Plaintiffs' and Settlement Class Members' claims and pursuant to the

Settlement Agreement and its release and effective date provisions, the Released Parties shall be released and forever discharged by the Class Releasors from any and all past, present and future actions, claims and demands, damages, expenses, costs, attorneys' fees and all other claims of any nature or kind whatsoever now existing or which may hereafter arise out of or relating in any way to, the struck power lines that occurred on July 27, 2017 at the Bonner Bride Project, including the resulting the power outage, including any consequences thereof now existing or which may develop, whether or not such consequences are known or anticipated; provided, however, that the Settled Claims shall not include the right of any of the Parties or the Released Parties to enforce the terms of the Settlement.

4. This Final Judgment is BINDING on all Parties and all Settlement Class Members who have not been timely excluded from the Settlement Class by serving a properly executed request for exclusion postmarked by July 3, 2018. Those EXCLUDED from the Settlement Class are identified in the opt-out list attached to this Final Judgment as Exhibit A. The Plaintiffs and the Settlement Class Members who have not been timely excluded from the Settlement Class by serving a properly executed request for exclusion, on behalf of themselves, their heirs, representatives, executors, administrators, successors, and assigns, and any persons they represent are ENJOINED from prosecuting each and every Released Claim against the Defendants and each of the Released Parties.

5. Defendants or the Released Parties may use and file this Final Judgment, the Final Approval Order, and the Settlement Agreement to seek an injunction and to support a defense of res judicata, collateral estoppel, estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense, or counterclaim.

6. Neither this Final Judgment, the Final Approval Order, the Attorneys' Fees and Incentive Award Order, nor the Settlement Agreement shall be construed or deemed to be evidence of, or an admission or concession on the part of, Defendants with respect to any claim, fault, liability, wrongdoing, or damaged whatsoever that has been alleged against Defendants, or of any infirmity in the defenses that Defendants have asserted or could assert. Similarly, the Settlement Agreement shall not be construed or deemed to be a concession by any of the Plaintiffs of any infirmity in the claims asserted in this Action.

7. This Court SHALL retain jurisdiction for the purpose of (i) enforcing the terms of this Final Judgment and the Final Approval Order; (ii) enforcing the terms of the Settlement Agreement; (iii) resolving any claims of Settlement Class Members with respect to the Settlement Fund; and (iv) taking any steps necessary in aid of its jurisdiction or to protect or effectuate its judgments.

8. All Settled Claims as against the Defendants and the Released Parties are hereby DISMISSED WITH PREJUDICE.

9. The Court expressly DIRECTS the Clerk of Court immediately to enter this Final Judgment. Upon entry, this Court DECREES that this document be deemed a Final Judgment. See Fed. R. Civ. P. 58.

SO ORDERED. This 21 day of September 2018.

                                                JAMES C. DEVER III
                                                Chief United States District Judge

# EXHIBIT A TO JUDGMENT

Amos S. Rideout, Jr.